**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PABLO HERRERA VASQUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2191-D** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Pablo Herrera Vasquez, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Respondents filed a response, Doc. 9, and the time for Petitioner to reply has lapsed. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner entered the United States on an unknown date and an unknown time without inspection. Doc. 9, Ex. 1. He states that Immigration and Customs Enforcement detained him on May 8, 2026. Doc. 1, at 4; *see* Doc. 9, Ex. 3, at 4 & Ex.4.

On August 5, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Mexico and denied his requests for asylum and cancellation or withholding of removal as well as protection under the Convention Against Torture Act. Doc. 9, Ex. 5. Petitioner's appeal of the removal order remains pending before the Board of Immigration Appeals (BIA). Doc. 1, at 5; Doc. 9, Ex. 6.

In his petition, Petitioner alleges that (1) his prolonged detention violates the Immigration and Nationality Act; (2) his prolonged detention violates his Fifth Amendment Due Process rights; (3) the IJ refused to review all the evidence supporting asylum; and (4) the IJ's actions violated his Fifth

Amendment Due Process rights. Doc. 1, at 6-7.

Petitioner seeks his immediate release, subject to an order of supervision. *Id.* at 7.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

### A. 8 U.S.C. § 1226 applies to Petitioner.

Respondents acknowledge that *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026), governs Petitioner's detention and that Petitioner is entitled to relief in the form of a bond hearing. Doc. 9, at 1-2. The Court should agree.

Petitioner's current detention "is not part of the inspection process," and it did not "arise from an attempted entry at a port of entry." *Zhakhonov v.*

*Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Id.*

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. The Government has not provided Petitioner with an individualized custody determination since his detention in May 2026. Doc. 1, at 6. *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a

"protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

Petitioner raises additional due process concerns. Doc. 1, at 6-7. But, given the recommended relief, the Court should decline to address Petitioner's

additional claims.[3] *Cf. Colin*, 2026 WL 3645176, at *6 n.3 (declining "to decide the merits of Petitioner's due process claim" after granting relief under § 1226(a)).

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 23, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil

---

[3] Petitioner challenges the IJ's conduct in his removal hearing. Doc. 1, at 6-7. But Petitioner has appealed this decision to the BIA and his appeal remains pending. *Id.* at 5; Doc. 9, Ex. 6.

Petitioner also filed a motion for a temporary restraining order, asking the Court to enjoin Respondents from transferring Petitioner outside this Court's jurisdiction. Doc. 5. The Court addressed this issue at least in part in its Order for Response, Doc. 7. The Court should conclude this motion is moot.

Procedure 72.[4] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this16th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").