**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PABLO HERRERA VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>US IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2191-D |

# ORDER

Petitioner Pablo Herrera Vasquez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Mexico who entered the United States on an unknown date without inspection. [Doc. No. 9-1]. Petitioner was detained by Immigration and Customs Enforcement on May 8, 2026. [Doc. No. 9-3]. On August 5, 2026, an Immigration Judge ordered Petitioner removed to Mexico and denied his requests for asylum and cancellation or withholding of removal. [Doc. No. 9-5]. Petitioner appealed the Immigration Judge's Order, and it remains pending. [Doc. No. 1, at p. 5; Doc. No. 9-6]. Petitioner is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma. *See* https://locator.ice.gov/odls/#/results (last visited Nov. 24, 2026).

Petitioner challenges his detention on several grounds: 1) his prolonged detention violates the Immigration and Nationality Act; 2) his prolonged detention violates his Fifth Amendment Due Process rights; 3) the Immigration Judge did not review all of the evidence supporting asylum; and 4) the Immigration Judge violated his Fifth Amendment Due Process rights. [Doc. No. 1]. Petitioner requests immediate release, subject to an order

of supervision. [Doc. No. 1]. Respondents filed a response in opposition to Petitioner's Petition maintaining that Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 9].

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Mitchell issued a Report and Recommendation ("Report"), recommending the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 11].

Respondents filed a timely Objection to the Report, asserting Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 12]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. *Id*.

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Mitchell's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226 as opposed to § 1225(b)(2)(A). Moreover, the Court agrees with Judge Mitchell's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 11] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 25th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE